IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE LAMANDINGO KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-446-W |
| | ) | |
| JANNA MORGAN, CLINICAL | ) | |
| COORDINATOR, and | ) | |
| RANDALL G. WORKMAN, WARDEN, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION ON**
**PRELIMINARY REVIEW OF THE HABEAS PETITION**

Mr. Antone Knox seeks habeas relief under 28 U.S.C. § 2241, and the Court should

summarily dismiss the action. *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the

United States District Courts.

In the petition, Mr. Knox alleges involuntary commitment to the prison's mental

health unit without notice and an opportunity to be heard. Petition for a Writ of Habeas

Corpus Under 28 U.S.C. § 2241 at pp. 6-7 (Apr. 23, 2012). These claims relate to the

conditions of confinement rather than a challenge to the execution of a sentence. The Court

cannot entertain these claims in a habeas action, as 42 U.S.C. § 1983 would provide the

exclusive remedy.[1]

---

[1]    *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." (citations omitted)); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in a 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition).

The Petitioner has brought two previous habeas corpus actions based on the same allegations. *See Knox v. Morgan*, Case No. CIV-10-1274-W (W.D. Okla.), and *Knox v. Workman*, Case No. CIV-12-260-C (W.D. Okla.). Both actions were dismissed. *See infra* pp. 2-3.

In the first action, Mr. Knox claimed improper placement in a mental health unit without a court order, mental health transfer packet, or medical evaluation. *See Knox v. Morgan*, Case No. CIV-10-1274-W, slip op. at 1-2 (W.D. Okla. Sept. 8, 2011). The Western District of Oklahoma dismissed the claim, reasoning in part that the claim was not cognizable in habeas proceedings and was "more appropriately brought under section 1983." *Id.*, slip op. at 4 (citation omitted). The Tenth Circuit Court of Appeals dismissed the appeal, holding in part that the request for release from the mental health unit was not cognizable in habeas proceedings because it involved prison conditions rather than the fact or duration of confinement. *Knox v. Morgan*, Case No. 11-6245, slip op. at 4 (10th Cir. Jan. 25, 2012) (unpublished op.).

Mr. Knox filed a second habeas action in this Court, claiming in part illegal confinement in the mental health unit, violation of the first amendment through the inability to present grievances and receive free mail supplies, and deprivation of due process through placement in the mental unit. *Knox v. Workman*, Case No. CIV-12-260-C (W.D. Okla. Mar. 12, 2012) (report and recommendation by magistrate judge). The magistrate judge recommended dismissal of these claims, again because they involved prison conditions rather than the fact or duration of confinement. *Knox v. Workman*, Case No. CIV-12-260-C (W.D.

Okla. Mar. 12, 2012) (report and recommendation by magistrate judge).  The presiding district judge agreed and again concluded that Mr. Knox's claims were "not cognizable under section 2241."  *Knox v. Workman*, Case No. CIV-12-260-W (W.D. Okla. Apr. 6, 2012) (order by district judge).

The Court should follow its two prior decisions and again order dismissal in light of the similarity of the claims and the strength of the rationales given in the two prior dismissals.  As the Court reasoned in the prior two cases, Mr. Knox's challenges to placement in the prison mental health unit are not cognizable in habeas proceedings.  Thus, the Court should summarily dismiss the action.

The Petitioner can object to the present report.  Any such objection must be filed with the Clerk of this Court by June 29, 2012.  *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

Entered this 12th day of June, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge